UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE SMITH,

        **Plaintiff,**       CIVIL ACTION NO. 05-CV-70296-DT

vs.

                       DISTRICT JUDGE GERALD E. ROSEN

JOHN WATKINS,           MAGISTRATE JUDGE MONA K. MAJZOUB

        **Defendant.**
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL
## (DOCKET # 28)

This is a prisoner civil rights action brought under 42 U.S.C. § 1983. On October 11, 2006 Plaintiff filed a Motion to Appoint Counsel. The matter is before this Court pursuant to 28 U.S.C. § 636(b)(1)(A). Appointment of counsel for prisoners proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (internal quotations and citations omitted). *See also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (citing Charles R. Richey, Prisoner Litigation in the United States Courts 75 (1995) ("'Prisoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion.'")). At this time, the Court declines to exercise its discretion to appoint counsel to represent Plaintiff. Plaintiff has adequately alleged the claims forming the basis of this section 1983 action indicating his basic understanding of the legal

process.  Accordingly, Plaintiff's Motion to Appoint Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated:  October 24, 2006			s/ Mona K. Majzoub
					MONA K. MAJZOUB
					UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 24, 2006			s/ Lisa C. Bartlett
					Courtroom Deputy